**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| ALEXANDRU MATEI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03479-MBB |
| | ) | |
| SAMUEL OLSON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

# ORDER

Petitioner Alexandru Matei petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing. (**Doc. 1**, p. 9). He asks the Court to order the Government to provide such a hearing or immediately release him. (***Id.*** at p. 13). Because Petitioner's detention does not violate his right to procedural due process, the petition is DENIED.

## Background

Petitioner, a citizen of Romania, allegedly entered the United States illegally in 2022. (***Id.*** at p. 10). On July 23, 2026, local law enforcement allegedly arrested him under an outstanding criminal warrant. (***Id.***). Local law enforcement allegedly transferred him to DHS custody. (***Id.***). He is detained without bond pending removal proceedings under 8 U.S.C. § 1225(b)(2)(A). (***Id.***); (**Doc. 5**, p. 2). On August 10, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that his detention without bond violates the Due Process Clause of the Fifth Amendment. (***Id.*** at pp. 11-12).

## Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See* ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings does not violate his right to procedural due process.

### I. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.

Petitioner agrees that he is detained under Section 1225(b)(2)(A), which requires detention of "applicant[s] for admission" pending removal proceedings. (**Doc. 1**, p. 11); **8 U.S.C. § 1225(b)(2)(A)**. But he argues that his continued detention without bond violates his Constitutional right to due process. (**Doc. 1**, p. 12). Petitioner urges the Court to evaluate his due process claim under the *Mathews* framework, which employs a multi-factor "reasonableness" test to determine what process is due. *See* ***Mathews v. Eldridge***, 424 U.S. 319 (1976).

The Court does not apply the *Mathews* balancing test when considering mandatory detention of removable aliens. *See* ***Baynee v. Garland***, 115 F.4th 928, 933 (8th Cir. 2024) (noting that the Supreme Court has "already done whatever balancing is necessary"). Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the

legislative scheme." *See* ***id.*** at 932. *See also* ***Department of Homeland Sec. v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See* ***Demore***, 538 U.S. at 531. The Court favorably cited Section 1226(c)'s limitation of detention pending removal proceedings. ***Id.*** at 527-29 (explaining that detention pending removal proceedings is not indefinite). And in *Baynee*, the Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" ***Baynee***, 115 F.4th at 932, *quoting* ***Demore***, 538 U.S. at 527.

Petitioner's detention does not violate procedural due process because it comports with Section 1225(b)(2)(A). Like the statute in *Demore*, Section 1225(b)(2)(A) requires detention pending removal proceedings. **8 U.S.C. § 1225(b)(2)(A)**. Petitioner concedes that his removal proceedings are pending. Because Section 1225(b)(2)(A) requires detention of removable aliens pending deportation proceedings, procedural due process requires no more. *See* ***Baynee***, 115 F.4th at 932.

**Conclusion**

Petitioner's continued detention does not violate his right to procedural due process. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: September 11, 2026